# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION
### CASE NO. 1:10-CR-00044-R

THE UNITED STATES OF AMERICA                                      PLAINTIFF

v.

EDWARD J. PRENTICE, et al.                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on multiple motions by Defendant Edward Prentice. The Government has responded and the time for further briefing has elapsed. These matters are now ripe for adjudication. Below is the Court's ruling on each.

## BACKGROUND

Defendant Edward Joseph Prentice is one of twenty-one individuals named in a two-count criminal indictment. Indictment, DN 98. Count one alleges that Prentice, along with the twenty other defendants, participated in a conspiracy to knowingly and intentionally distribute 1000 kilograms or more of marijuana, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), and 846. Indictment, DN 98 at 1-2. Specifically, count one states "[f]rom on or about July 3, 2008 to on or about April 6, 2011, in the Western District of Kentucky, Warren County, and elsewhere, . . . [Prentice]" participated in the conspiracy. Indictment, DN 98 at 1-2.

Count two of the indictment alleged certain defendants engaged in money laundering in furtherance of the conspiracy, in violation of 18 U.S.C.§ 1956(a)(1)(A)(i), (h). Prentice is not alleged to have participated in this part of the criminal enterprise.

Prentice now attacks the Government's case and compliance with the Federal Rules of Criminal Procedure in a number of pretrial motions. The Court addresses each below.

## DISCUSSION

**I. Motion to dismiss count one of the indictment or, in the alternative, to obtain a bill of particulars with respect to count one of the indictment (DN 298)**

In this two-pronged motion, Prentice argues count one is improperly stated because it fails to provide sufficient notice to the alleged conspirators of the crime with which they have been charged. For that reason, Prentice urges the Court to dismiss this count of the indictment. In the alternative, he says that the Federal Rules of Criminal Procedure require the indictment to contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Prentice insists the description in count one does not meet this standard and therefore a bill of particulars should issue so he can prepare for his defense at trial. He requests the following information: (1) dates on which he is alleged to have participated in the conspiracy, (2) all his overt acts in furtherance of the conspiracy, (3) the basis for the statement that the conspiracy endured from July 3, 2008 to April 6, 2011, and (4) the names of all the unidentified persons with whom the defendants are alleged to have conspired. Def. Mot. to Dismiss, p. 3, DN 298 at 3.

An indictment is sufficient if it "(1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3) protects the defendant against double jeopardy." *Valentine v. Konteh*, 395 F.3d 626, 631 (6th Cir. 2005). An indictment that accomplishes these goals "is impervious to attack on a motion to dismiss." *United States v. Eichman*, 756 F. Supp. 143, 146 (S.D.N.Y. 1991) (citing *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 906 (10th Cir. 1989)). A motion to dismiss a criminal indictment is not a substitute for "the summary trial of evidence," but instead is only applicable where it questions "the facial validity of the indictment." *Id.* (citing *United States v. Winer*, 323 F. Supp. 604, 605 (E.D. Pa. 1971)).

The Government has satisfied its burden to defeat this motion to dismiss. Count one accurately sets forth the charge of conspiracy to distribute a quantity of marijuana and has therefore provided adequate notice to Prentice of the charge he faces. Indeed, Prentice's motion concedes count one "recite[s] the statutory elements of the crime" and his complaints revolve around the factual basis for this charge. Def. Mot. to Dismiss, p. 2, DN 298 at 2. Since the indictment both contains the elements of the offense alleged and provides the notice required, this portion of Prentice's motion is flawed.

Federal Rule of Criminal Procedure 7(f) allows a defendant to move for a bill of particulars. Fed. R. Crim. P. 7(f). Courts grant bills of particulars when it is "necessary to inform the accused of the charge against him with sufficient precision to enable him to prepare his defense [or] to avoid or minimize the danger of surprise at trial." Judge James Cissell, Federal Criminal Trials § 7-2 (7th ed. 2008); *accord United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976); *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965). A bill of particulars is not a tool by which the defendant can learn the government's evidence and theories of the case. *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008); *see United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). This discovery tool is also inappropriate if the purpose behind the bill is to extract a list of the government's witnesses or the overt acts that may be proven at trial. *United States v. Largent*, 545 F.2d 1039, 1043 (6th Cir. 1976). "The decision to order a bill of particulars is within the sound discretion of the trial court." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citing *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1986)).

The indictment and disclosure by the Government have provided sufficient information

for Prentice to prepare his defense.  The accusations in the indictment are clearly described,

"contain[ing] the elements of the offense charged and fairly inform[] [Prentice] of the charge

against which he must defend."  *United States v. Mohney*, 949 F.2d 899, 903 (6th Cir. 1991).

Furthermore, pretrial discovery has revealed much of the information sought by this motion.

The Government indicates that the start date for the conspiracy arises from the first known

instance of Defendants Carl Gene Jones Jr. and Troy Rich having possession of a large sum of

money from marijuana trafficking.  It also says that Prentice engaged in conspiratorial acts with

Jones and Rich in early 2009 when he planned the transportation for large shipments of

marijuana from Tucson, Arizona to Bowling Green, Kentucky.  The indictment, in conjunction

with these disclosures, is adequate to obviate the need for a bill of particulars.  *E.g.*, *United*

*States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004) (denial of a bill of particulars appropriate

where superseding indictments charged defendant with conspiracy and alleged that conspiracy

began "on or about April 1999" and ended in August of 2000); *United States v. McClure*, 734

F.2d 484, 493 (10th Cir. 1984) (although the indictment did not include the exact place, time of

day, or quantity of cocaine involved, a bill of particulars was unwarranted).

Insofar as Prentice seeks disclosure of his alleged overt acts in the conspiracy or the

names of the unindicted co-conspirators, he is not entitled to this information.  Since proof of an

overt act is not an essential element of a conspiracy under 21 U.S.C. § 846, the indictment is

sufficient despite the fact it does not allege one.  *See United States v. Salisbury*, 983 F.2d 1369,

1375 (6th Cir. 1993) ("[A] defendant is not entitled to discover all the overt acts that might be

proven at trial." (citation omitted)); *United States v. Martin*, 822 F.2d 1089, at *3 (6th Cir. 1987)

(a bill of particulars was unnecessary "in a conspiracy case where the Government is not

required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy" (table)).  Moreover, "[a]s long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators."  *United States v. Rey*, 923 F.2d 1217, 1222-23 (6th Cir. 1991); *accord United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) ("[T]he Government is not required to furnish the name of all other co-conspirators in a bill of particulars." (citation omitted)).  Prentice's claim that he is entitled to the names of the unknown coconspirators is incorrect.

Accordingly, this motion is DENIED.

## II. Motion to compel discovery pursuant to Federal Rule of Criminal Procedure 16 (DN 299)

Prentice asks that the Government produce materials discoverable under Federal Rule of Criminal Procedure 16.  As the basis for this request, Prentice says that he was not mentioned within the discovery packet the Government turned over on July 26, 2011.  Besides the name of an unindicted coconspirator who may offer testimony about him, Prentice insists there has been no information disclosed that implicates him in the conspiracy.  He petitions for the release of any oral or written statement that is relevant to his defense as well as any documentary evidence that exists and is discoverable under Rule 16.  Mot. to Compel, p. 3-4, DN 299 at 3-4.

In its response, the Government asserts the following: (1) it is not in possession of any statements made by Prentice; (2) it is not in possession of documents or objects that are material to Prentice's preparation for a defense, or that may be used in the prosecution's case-in-chief; (3) there are no reports, examinations, or tests that relate to Prentice; and (4) no expert witnesses will testify against Prentice at trial.  Pl. Resp. to Mot. to Compel, p. 1, DN 314 at 1.  The

Government further claims to have told Prentice the entirety of the case against him will be testimony from participating informants and co-defendants and that he is not entitled to these statements or the witnesses' identities.

"[I]n most criminal prosecutions, the *Brady* rule, Rule 16, and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled." *United States v. Presser*, 844 F.2d 1275, 1285 n. 12 (6th Cir. 1988) (citations omitted). Rule 16 "requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control, reports of examinations or tests, and a summary of any expert witness testimony." *United States v. Watson*, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (quoting *United States v. Pegross*, No. 05–80949, 2007 WL 1771542 at *1 (E.D. Mich. 2007)). Where the government has assured the court and defendants that it is aware of and will comply with its obligations under Rule 16, defendants' motions requesting pretrial discovery are often denied. *E.g.*, *id.* at 672-73; *United States v. Moore*, No. 5:09-CR-00015-R, 2010 WL 5092719, at *1-2 (W.D. Ky. Dec. 7, 2010).

The Government's response indicates this motion is flawed. It insists that it is not in possession of the requested materials and that the only evidence to be used against Prentice at trial is not discoverable under Rule 16. Prentice offers no basis to conclude these assurances are inaccurate or disingenuous. Thus, his motion is improper.

To the extent this motion may be construed as a request for statements made by Prentice's co-defendants, courts have held that while a defendant is entitled to his own statements made to the police, there is no absolute right to the statements of his co-defendants

made to authorities. *E.g.*, *United States v. Smith*, 252 F. App'x 20, 25 (6th Cir. 2007) rev'd on other grounds by *Townsend v. United States*, 553 U.S. 1050 (2008); (finding the defendant not entitled to the statements of his co-defendants); *United States v. Rivera*, 6 F.3d 431, 439 (7th Cir. 1993) (finding that disclosure of co-defendants' statements is not mandatory). These portions of his motion are unavailing as well.

Accordingly, this motion is DENIED.

### III. Motion to compel discovery of Government witnesses and identities of confidential informants (DN 300)

Prentice contends that he is entitled to the list of witnesses the Government intends to call at trial and the identities of its confidential informants. The Government responds that it will call all participating informants as witnesses at trial, and therefore pretrial disclosure is unnecessary under the Jencks Act.

The precedent of the Sixth Circuit demonstrates Prentice's requests are misguided. First, it is "firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government." *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984) (citations omitted). Second, since the Government has committed to presenting the confidential informants at trial to testify, Prentice is not entitled to their identities in advance of the proceeding. *E.g.*, *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993); *United States v. Brice*, No.: 1:08-CR-00050-M, 2009 WL 2043554, at *1 (W.D. Ky. July 9, 2009). Prentice has not stated a legitimate claim for relief within this motion.

Accordingly, this motion is DENIED.

### IV. Motion for immediate disclosure of *Brady* and *Giglio* materials (DN 301)

Prentice asks the Court to compel the Government for an early release of discoverable

information covered under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). He stresses that this criminal matter is complex, the number of criminal defendants makes pretrial discovery complicated, and the trial - set for February 6, 2012 - is fast approaching. The Government responds that it both recognizes its obligations under *Brady* and *Giglio* and will comply with them in a way that allows defendants an adequate opportunity to prepare for trial.

Under *Brady*, the government has the "obligation to turn over material that is both favorable to the defendant and material to guilt or punishment." *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994). "Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial." *Id*. (citing *United States v. Agurs*, 427 U.S. 97, 112 n. 20 (1976)). The government's obligation includes a duty to disclose "evidence that could be used to impeach the credibility of a witness." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir.1999) (citing *Giglio v. United States*, 405 U.S. 150, 154-55 (1972)). "[T]he government typically is the sole judge of what evidence in its possession is subject to disclosure. If it fails to comply adequately with a discovery order requiring it to disclose *Brady* material, it acts at its own peril." *Presser*, 844 F.2d at 1281. If the prosecution denies any such exculpatory material exists under *Brady*, the defense does not have "a general right to pre-trial discovery of evidence impeaching defense witnesses." *Id*. at 1283. Exculpatory and impeaching evidence must be produced "in time for use at trial." *Id*. at 1285.

The Jencks Act provides another layer of procedure on top of the *Brady* doctrine. It requires that following the testimony of a government witness, the defendant can request, and the court order, the government to provide certain documents that relate to the subject matter of the

government witness' testimony.  18 U.S.C. § 3500(a), (b).  Still, these materials may not be

compelled from the government until after the witness has testified.  *United States v. Algie*, 667

F.2d 569, 571 (6th Cir. 1982).  Where impeachment evidence of government witnesses falls

within the ambit of the Jencks Act and *Brady*, the information may be withheld until after the

witness has testified at trial.  *Presser*, 844 F.2d at 1283-84.

Insofar as Prentice requests impeaching and exculpatory materials that would not identify

Government witnesses before trial, the Government is already under an obligation to provide

these items under *Brady* and *Giglio* and has represented that it will comply with this obligation.

The Court trusts that the Government will make these materials available to defense counsels in

a timely and professional fashion.  Where Prentice requests evidence that would be protected by

the Jencks Act, that information need not be provided prior to trial; nevertheless, the Court

encourages earlier production.

Accordingly, this motion is DENIED.

**V. Motion for relief from misjoinder and to sever defendants (DN 302)**

Prentice makes two allegations in this motion.  He first declares the charge of drug

distribution conspiracy is impermissibly joined to the money laundering charge under Federal

Rule of Criminal Procedure 8(b).  Second, Prentice says the Court should sever his trial from that

of his co-defendants under Federal Rule of Criminal Procedure 14.  While the Government

agrees to a separate trial for Prentice, it objects to any attempt to sever the counts of the

indictment into two separate proceedings.

Federal Rule of Criminal Procedure 8(b) describes the circumstances for misjoinder

under an indictment.  The rule states:

The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Civ. P. 8(b). "Under Rule 8(b) multiple defendants may be joined only if a sufficient nexus exists between the defendants and the single or multiple acts or transactions charged as offenses." *United States v. Johnson*, 763 F.2d 773, 775 (6th Cir. 1985) (citation omitted). "A group of acts or transactions constitutes a 'series' if they are logically interrelated, and . . . a group of acts or transactions is logically interrelated, for instance, if the acts or transactions are part of a common scheme or plan." *United States v. Beverly*, 369 F.3d 516, 533 (6th Cir. 2004) (citing *Johnson*, 763 F.2d at 776).

The counts of the indictment are sufficiently related to survive this motion sever. One alleges a conspiracy to distribute large amounts of illegal narcotics while the other describes a conspiracy between the same actors to launder the ill-gotten proceeds. Four of the individuals named in count one are likewise named in count two. The interconnectedness of money laundering and drug dealing, along with the apparent overlap of actors in these two conspiracies from the indictment, demonstrates Prentice's request is untethered from the applicable facts and law.

Federal Rule of Criminal Procedure 14 allows the severance of trials for defendants when consolidation of those trials would result in prejudice to a particular defendant. Fed. R. Crim. P. 14(a). However, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Ross v. United States*, 339 F.3d 483, 493 (6th Cir. 2003) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993). This preference arises not only out of the interest for

judicial efficiency, but also from the presumption that juries can differentiate between and scrutinize the evidence offered against each defendant at trial without the risk of confusion. *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006); *United States v. Welch*, 97 F.3d 142, 147 (6th Cir.1996). As such, "a defendant seeking severance at trial bears a strong burden and must demonstrate substantial, undue, or compelling prejudice." *Caver*, 470 F.3d at 238 (quoting *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999)).

Prentice insists severance under Rule 14 is proper because the Government will introduce statements of non-testifying co-defendants against him at trial, in violation of *Bruton v. United States*, 391 U.S. 123 (1968). He further states there is so little direct evidence against him, that if he was tried with his co-defendants, any guilty verdict against him would be the result of improper inferences by the jury. Although the Government rebuts both of these arguments in its response, it agrees that to avoid any hint of prejudice, Prentice should be given a separate trial on count one of the indictment.

Accordingly, this motion is GRANTED IN PART AND DENIED IN PART. Prentice shall be tried separately from the other co-defendants with regards to count one of the indictment.

## CONCLUSION

IT IS HEREBY ORDERED:

(1)     Defendant's motion to dismiss count one of the indictment or, in the alternative, to obtain a bill of particulars with respect to count one of the indictment (DN 298) is DENIED.

(2)     Defendant's motion to compel discovery pursuant to Federal Rule of Criminal

Procedure 16 (DN 299) is DENIED.

(3)     Defendant's Motion to compel discovery of Government witnesses and identities
of confidential informants (DN 300) is DENIED.

(4)     Defendant's motion for immediate disclosure of *Brady* and *Giglio* materials (DN
301) is DENIED.

(5)     Defendant's motion for relief from misjoinder and to sever defendants (DN 302)
is GRANTED IN PART AND DENIED IN PART.  A separate trial for Defendant
shall be decided upon during the next telephonic hearing with the Court.